**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:19-CV-00048-JRG |

**ORDER**

Before the Court is Defendant Apple, Inc.'s ("Apple") Motion to Dismiss Or, In the Alternative, Transfer This Action Pursuant to the First-to-File Rule (the "Motion"). (Dkt. No. 21.) Having considered the Motion and Plaintiff Fundamental Innovation Systems International LLC's ("Fundamental") Response thereto (Dkt. No. 27), the Court is of the opinion that the Motion should be **GRANTED** for the reasons discussed herein.

## I. BACKGROUND

Fundamental is a Delaware limited liability company with its principal place of business in Flower Mound, Texas. (Dkt. No. 27 at 2; Dkt. No. 1 ¶ 1.) Apple is a California corporation with its principal place of business in Cupertino, California. (Dkt. No. 21 at 3; Dkt. No. 21-27 ¶ 5 (Declaration of Michael Jaynes on behalf of Apple).) On December 14, 2015, Fundamental sent a letter to Apple to initiate licensing negotiations over Fundamental's patent portfolio. (Dkt. No. 21 at 4; Dkt. No. 27 at 4; *see also* Dkt. No. 27-6.) The negotiations stalled when the parties failed to execute a non-disclosure agreement ("NDA"). (Dkt. No. 27 at 4.)

On August 21, 2017, Fundamental sent another letter to Apple and identified several of Apple's products as allegedly infringing. (Dkt. No. 27 at 4–5; *see also* Dkt. No. 27-8.) Thereafter, the parties exchanged infringement and invalidity claim charts, discussed the status of Fundamental's litigation actions against third-parties and pending *inter partes* review proceedings, and agreed to a framework for further licensing negotiations. (Dkt. No. 21 at 4; Dkt. No. 27 at 5–6.) The parties planned to meet on February 7, 2019, to discuss Apple's counter-offer to Fundamental's licensing proposal. (Dkt. No. 27 at 6.) On December 14, 2018, the parties finalized and executed an NDA. (Dkt. No. 27 at 6; *see also* Dkt. No. 27-20.)

However, on February 5, 2019, Apple filed a declaratory judgment action against Fundamental in the Northern District of California ("NDCA"), seeking a declaration that Apple's Adapter, Lightning, and Watch products (collectively, "Apple Products") do not infringement twelve of Fundamental's patents. (*Apple Inc. v. Fundamental Innovation Systems International LLC et al.*, No. 3:19-cv-638-WHA, Dkt. No. 1 ¶ 8 [*hereinafter* NDCA Action].) Fundamental subsequently sued Apple for patent infringement in this Court on February 11, 2019. (Dkt. No. 1.) Fundamental alleges that several of Apple's Adapter, Lightning, Watch, and MacBook products (collectively, "Accused Products") infringe six of Fundamental's patents (the "Asserted Patents"). (Dkt. No. 1 ¶ 16.) The Asserted Patents are also at issue in the NDCA Action. (*Compare* Dkt. No. 1 ¶ 2, *with* NDCA Action, Dkt. No. 1 ¶ 5.) Additionally, the Accused Products overlap with the Apple Products. (*Compare* Dkt. No. 1 ¶ 16, *with* NDCA Action, Dkt. No. 1 ¶ 8.)

Fundamental moved to dismiss the NDCA Action for lack of personal jurisdiction or to transfer the case to this District under 28 U.S.C. § 1404. (NDCA Action, Dkt. No. 22 (Mar. 15, 2019).) The NDCA Court found that personal jurisdiction was proper and denied both dismissal and transfer. (*Id.*, Dkt. No. 36 at 1, 5, 10 (Apr. 30, 2019).)

In the instant Motion, Apple seeks dismissal or transfer to the NDCA pursuant to either the first-to-file rule or 28 U.S.C. § 1404. (Dkt. No. 21 at 1.)

## II. Discussion

Apple argues that dismissal or transfer is proper because Fundamental's "decision to file a mirror-image lawsuit in this [D]istrict six days after Apple filed [the] California [A]ction means that there are two lawsuits involving the same patents, the same parties[,] and the same infringement disputes." (*Id.* at 7.)

Fundamental argues that since the NDCA Action "was filed as a preemptive suit intended to deprive Fundamental of its choice of forum and not a legitimate request for declaratory relief, the [NDCA Action] should be dismissed in favor of proceedings in [this District]." (Dkt. No. 27 at 10.) "[P]ermitting an anticipatory judgment action filed in the midst of productive licensing negotiations is unjust, inefficient[,] and contrary to public policy." (*Id.*)

"When confronted with substantially similar declaratory judgment and patent infringement actions filed in different jurisdictions, courts generally favor the forum of the first-filed action, whether or not it is a declaratory action." *RPost Holdings, Inc. v. Sophos, Inc.*, No. 2:13-cv-959-JRG, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014) (citing *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 938 (Fed. Cir. 2008) (citations omitted)). In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: (1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and (2) which of the two courts should take the case? *Id.* (citing *Texas Instruments, Inc. v. Micron Semiconductor*, Inc., 815 F. Supp. 994, 997 (E.D. Tex. 1993)). Once the "substantial similarity" threshold is crossed, the first-to-file rule accords the first-filed court the responsibility to determine which case should proceed. *Id.*

As an initial matter, the Court finds that the NDCA Action and the instant case substantially overlap; both cases involve (1) the same parties[1] (although in reversed positions), (2) the same patents (i.e., the Asserted Patents), and (3) the same accused products (i.e., overlapping Accused Products and Apple Products). The posture of the two cases are also mirrored: (1) the NDCA Action is a declaratory judgment action of noninfringement, and (2) this case is a civil action for patent infringement. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583–84 (Fed. Cir. 1990), *cert. denied*, 499 U.S. 922 (1991), *abrogated by*, *TC Heartland*, 137 S. Ct. at 1521 (noting that "a declaratory judgment action alleging that a patent is . . . not infringed" is "the mirror image of a suit for patent infringement"). Accordingly, the threshold inquiry of the first-to-file rule is satisfied.

However, the California Court has already considered and rejected Fundamental's anticipatory filing argument. (*See* NDCA Action, Dkt. No. 36 at 9–10 (finding that the "preference for the first-filed action was not overcome" because "there was no indication that Fundamental had immediate plans to file suit[ and] Apple could have reasonably believed that the process would continue to drag out by fits and starts (as it had been doing) and that a declaratory judgment action was its best option to expedite a resolution").) *See also Virtual Fleet Mgmt., LLC v. Position Logic, LLC*, No. 2:17-CV-00014-JRG, 2017 WL 10276708, at *2 (E.D. Tex. May 17, 2017) (rejecting an "anticipatory filing" argument and explaining that "[i]t is not the second-filed court's position to determine the appropriate venue"). Fundamental raises no other argument for why the first-to-file rule should not apply. (*Cf.* Dkt. No. 27 at 9–12.) Accordingly, this Court is persuaded that the above-styled case is subject to the first-to-file rule and should be **TRANSFERRED** to the

[1] Although the NDCA Action includes additional defendant entities, those entities are related to Fundamental and their presence does not affect the overlap between the two cases as to Fundamental and Apple. (*See* NDCA Action, Dkt. No. 1.)

Northern District of California.

Having found that transfer is appropriate under the first-to-file rule, the Court does not address whether transfer is warranted under § 1404(a).

## III. CONCLUSION

For the foregoing reasons, Apple's Motion to Dismiss Or, In the Alternative, Transfer This Action Pursuant to the First-to-File Rule (Dkt. No. 21) is **GRANTED**. It is therefore **ORDERED** that the above-captioned case shall be **TRANSFERRED** in its entirety to the Northern District of California. The Clerk of this Court shall take such steps as are needed to effectuate this transfer.

**So ORDERED and SIGNED this 13th day of May, 2019.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE